RENDERED: MAY 22, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0577-MR

PAUL M. TAYLOR                                               APPELLANT

                     APPEAL FROM OLDHAM CIRCUIT COURT
v.                 HONORABLE JERRY CROSBY, II, JUDGE
                         ACTION NO. 22-CI-00018

RICHARD "DIP"`` RANKIN AND
JUDY RANKIN                                      APPELLEES

OPINION
AND ORDER
DISMISSING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

COMBS, JUDGE: Paul M. Taylor, a building contractor, appeals, *pro se,* from a judgment of the Oldham Circuit Court in favor of Richard and Judy Rankin, homeowners, in an action for breach of contract action. Taylor raises numerous issues on appeal. However, we are compelled to dismiss the appeal because of Taylor's failure to substantially comply with our rules of appellate procedure.

In the summer of 2019, Richard and Judy Rankin entered into a construction contract with Taylor for completion of a minor home improvement project. However, once materials were delivered to the Rankins' property and construction began, it became clear that the parties could not work together. The project was never completed.

In July 2021, Richard Rankin filed a civil action against Taylor in Oldham District Court. Rankin's complaint alleged breach of contract, conversion, and fraud. Taylor, *pro se*, filed a response and a counterclaim essentially alleging breach of contract and conversion. Rankin answered the counterclaim. Litigation continued in the district court until Taylor filed a motion to have the matter transferred to circuit court on the basis that he sought damages in an amount exceeding the jurisdictional limits of the district court. Proceedings continued in the circuit court.

In June 2022, Taylor filed a motion for leave to file a pleading to include causes of action against Judy Rankin. The circuit court granted Taylor's motion. Taylor asserted claims against Judy Rankin for breach of contract, conversion, and tortious interference with contractual relations. Discovery proceeded with Taylor continuing to act, *pro se*. Ultimately, the matter was set for a jury trial.

After the presentation of evidence at trial, the circuit court granted the Rankins' motion for directed verdict with respect to the conversion claims asserted against them by Taylor. The jury found in favor of the Rankins on their claim for breach of contract -- but awarded no damages. The jury rejected Taylor's claims for breach of contract. This appeal followed.

Taylor argues that the trial court erred by denying him due process. Taylor claims that he was ignored by the courts of Oldham County, and without identifying **any** specific rule, he contends that the rules of civil procedure and the rules of professional conduct were violated throughout the litigation. Without any support from the record or citation to any legal precedent, Taylor also contends that the trial court erred by failing to award him damages for the Rankins' breach of contract and conversion and by failing to order sanctions against the Rankins' attorney for her "willingness to participate in this frivolous/malicious prosecution."

It is clear that the trial court's judgment is in accordance with the jury's verdict and that the court was exceedingly patient with Taylor throughout the proceedings. On appeal, we have endeavored to understand his arguments and to follow his reasoning. Despite the deficiencies in his brief, we nevertheless undertook an examination of the record -- after which we are compelled to strike Taylor's brief and to dismiss this appeal.

In nearly every substantive way, Taylor's brief fails to comply with the requirements of the Kentucky Rules of Appellate Procedure (RAP). For example, RAP 32(A)(3) requires a statement of the case containing "ample references to the specific location in the record supporting each of the statements[.]" Additionally, RAP 32(A)(2) requires a statement setting forth the appellant's contentions with respect to each issue of law relied upon and a list of authorities cited on that point. The argument section of an appellant's brief must contain "ample references to the specific location in the record and citations of authority pertinent to each issue of law. . . ." RAP 32(A)(4). Taylor's brief contains **not a single citation** to the written record or to the recorded trial proceedings. Similarly, it contains **not a single reference** to any authority relevant to any issue of law.

Our decision to strike Taylor's brief and to dismiss this appeal is governed by RAP 10(B), which provides that where a party has failed to substantially comply with the rules, we may take such action as we deem appropriate -- including striking of briefs and dismissal of the appeal. The shortcomings in Taylor's brief wholly inhibit our ability to understand any issue on which he sought to appeal. *Clark v. Workman*, 604 S.W.3d 616, 619 (Ky. App. 2020). Indeed, the material omitted from his brief is crucial to our review. However, "[i]t is well-settled that an appellate court will not sift through a

voluminous record to try to ascertain facts when a party has failed to comply with its obligation . . . to provide specific references to the record." *Parker v. Commonwealth*, 291 S.W.3d 647, 676 (Ky. 2009).

By our order entered on October 21, 2025, Taylor was granted additional time to file a brief. We granted a second motion for additional time on November 6. Once Taylor's brief was finally tendered, a deficiency notice was entered by the clerk. The notice outlined the ways in which the tendered brief failed to meet minimum filing requirements. Moreover, it specifically advised Taylor that the clerk's office reviewed the brief *only for technical deficiencies* and that its ultimate acceptance of a tendered brief "did not prevent a panel from striking the brief for failing to comply with the Rules of Appellate Procedure." The tendered brief was returned to him. A corrected brief was finally filed on December 12, 2025. Taylor was made well aware of his obligation to conform to the rules governing our appellate procedure. Nevertheless, he filed a brief that is woefully deficient.

We may not act as an advocate for the appellant. *W.I.S. v. K.M.B.*, 722 S.W.3d 569 (Ky. App. 2025). We are not authorized to construct arguments in support of an appeal and to research the law for cases to back an appellant's position. *Id.* Consequently, we are left with no alternative but to strike the deficient brief and dismiss the appeal.

ALL CONCUR.


ENTERED: _May 22, 2026_____          _Sara Combs_____
                                      HON. SARA WALTER COMBS
                                      JUDGE, COURT OF APPEALS




BRIEF FOR APPELLANT:            BRIEF FOR APPELLEES:

Paul M. Taylor, *pro se*        Valerie L. Shannon
Harrods Creek, Kentucky         La Grange, Kentucky